IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aron L. Markowitch, on Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>vs.<br><br>Merisant Company,<br><br>   Defendant | )<br>)<br>)<br>)<br>) Case No.: No. 06CV846<br>)<br>) Hon. Rebecca R. Pallmeyer<br>) United States District Court Judge<br>)<br>) Hon. Maria Valdez<br>) United States Magistrate Judge<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANT MERISANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Merisant submits this Memorandum in support of its Motion To Dismiss the Class Action Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## INTRODUCTION

Plaintiff claims to represent a putative class of similarly-situated consumers who have been deceived by Merisant Company's ("Merisant") allegedly false advertising of its Equal® Sugar Lite™ ("ESL") product, but his complaint indicates otherwise. Plaintiff's complaint is nothing more than a transparent attempt to find a payday where no wrongdoing exists and no cognizable legal claim supports Plaintiff's complaint. Although Plaintiff asserts four different theories of relief, both state and federal, none of those states a claim on which relief may be granted.

*First*, had Plaintiff researched or otherwise conducted a proper pre-filing investigation, it would not have brought a Lanham Act claim because consumers have ***no standing*** to sue for false advertising under Section 43(a) of the Lanham Act.

*Second*, Plaintiff has no cognizable claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/2, *et seq.*, because of the insufficient nexus between the alleged misrepresentation and resulting harm (which both occurred in Plaintiff's home State of New York), and Plaintiff's only claimed link to Illinois — Merisant's Chicago headquarters.

*Third*, Plaintiff is barred under Illinois law from asserting a breach of express warranty claim, because he failed to provide Merisant notice of the alleged breach with respect to his particular purchase of Equal® Sugar Lite™.

*Finally*, Plaintiff's unjust enrichment claim cannot stand alone without an underlying claim of injury for fraud or breach of warranty.

As such, all of Plaintiff's claims fail as a matter of law and Plaintiff's complaint should be dismissed in its entirety.

## BACKGROUND

Merisant manufactures and distributes a variety of table-top sweetener products in the United States and abroad including the artificial sweetener, Equal®. In August 2004, Merisant began to market and sell Equal® Sugar Lite™ — a table-top sweetener made from a blend of natural sugar and no calorie sweeteners. (Compl. ¶ 16.) Merisant primarily marketed Equal® Sugar Lite™ for household baking use as an alternative to plain sugar.

Plaintiff alleges that certain Equal® Sugar Lite™ product claims falsely represented the caloric content of Equal® Sugar Lite™ in comparison to plain sugar. The particular product claims at issue appeared on packages of Equal® Sugar Lite™: "Measures Cup for Cup Like Sugar!" and "1/2 the Carbs and Calories of Sugar." (*Id.* ¶ 19.) Plaintiff contends

2

that these representations are false and that Equal® Sugar Lite™ has substantially the same calories and carbohydrates as plain sugar.[1] Plaintiff alleges he relied on these representations when purchasing Equal® Sugar Lite™ and that he and the other class members have been injured as a result of such reliance.

Plaintiff purports to represent a class of "all consumers in the United States who have purchased Merisant's Equal® Sugar Lite™ product from August 2004 to the present." (*Id.* ¶ 1.) Plaintiff's complaint includes one federal claim, and three state law claims: violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count II); violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count I); unjust enrichment (Count III); and breach of warranty (Count IV). (Compl. ¶¶ 36–66.)

## LEGAL STANDARD

Merisant brings this motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court accepts all well pleaded facts "as true, and construes all reasonable inferences in favor of the plaintiff."

---

[1] While not the subject of this motion, it bears mention that Plaintiff's factual allegations about Equal® Sugar Lite™ are also incorrect. Equal® Sugar Lite™ is a combination of Equal® and sugar that has been bonded so as to increase its volume. By doing so, one cup of Equal® Sugar Lite™ contains not only half as many calories as a cup of sugar, but approximately half the weight of a cup of sugar. That critical fact — evidenced on the very Equal® Sugar Lite™ package Plaintiff attached to his complaint — is ignored by Plaintiff and undermines his factual allegations. (*Compare* "1 tsp (2 grams)" on package *with* Complaint ¶ 23 (claiming one teaspoon weighs over 4 grams).)

In addition, Plaintiff's contentions argue that (1) Merisant lost millions launching and marketing its Equal® Sugar Lite™ product, which was not a commercial success; and (2) Merisant — entirely unrelated to this lawsuit but because of its lack of success — stopped making and discontinued its Equal® Sugar Lite™ product, thusly mooting this suit.

3

*Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).[2] A complaint should be dismissed "'if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## ARGUMENT

**I.      Consumers Lack Standing To Sue Under §43(a)(1) of the Lanham Act (15 U.S.C. § 1125(a)(1)).**

Plaintiff admits and pleads that he is a consumer. Plaintiff does not and cannot contend that he is a business competitor to Merisant. As a consumer, and not a competitor, Plaintiff has no standing to sue Merisant for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). "In order to have standing to allege a false advertising claim [under the Lanham Act] . . . the plaintiff must assert a discernible ***competitive*** injury."[3] *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993) (finding that the manufacturer of chocolate products had no discernible competitive injury and thus had no claim under the Lanham Act against a computer seller because it was not in the computer business and was not a competitor of the company). It has long been the law that consumers lack the requisite competitive injury necessary to sue under Section 43(a) of the Lanham Act. *See, e.g., Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686, 691-92 (2d Cir. 1971) ("We conclude, therefore, that Congress' purpose in enacting § 43(a) was to create a special and limited unfair competition remedy, virtually without regard for the interests of consumers generally and almost

---

[2]   Merisant denies the factual allegations in Plaintiff's complaint related to the Equal® Sugar Lite™ product virtually in their entirety, but relies on them here, because even if the Court accepts them as true, Plaintiff's claims fall as a matter of law and should be dismissed.

[3]   Emphasis has been added unless otherwise noted.

certainly without any consideration of consumer rights of action in particular.") (footnote omitted); *accord Serbin v. Ziebart Int'l. Corp.*, 11 F.3d 1163, 1179 (3d Cir. 1993) ("We join the Second Circuit in holding that Congress, when authorizing federal courts to deal with claims of false advertising, did not contemplate that federal courts should entertain claims brought by consumers" under Section 43(a) of the Lanham Act.). The Seventh Circuit recognized this when it noted that "typically, plaintiffs suing under § 43(a) are business ***competitors*** claiming to be injured as a result of false advertising." *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 699 (7th Cir. 1989) (dismissing a claim under the Lanham Act because plaintiffs were not even indirectly engaged in competition with the defendants).

Plaintiff has failed to allege any facts that would provide a basis for standing under Section 43(a) of the Lanham Act. Plaintiff has not alleged any competitive injury from the advertising of Equal® Sugar Lite™. And that is no mistake: in Plaintiff's own words, "This is a ***consumer*** class action against Merisant." (Compl. ¶ 1; *see also id.* ¶ 8 ("Plaintiff has purchased and consumed, ***for personal use***, Equal Sugar Lite®").) Plaintiff is unable to satisfy the standing requirements to bring a Lanham Act false advertising claim and, thus, this Court should dismiss Plaintiff's Lanham Act claim (Count II) for lack of standing. *See, e.g., Swartz v. Schaub*, 826 F. Supp. 274, 276 (N.D. Ill. 1993) (granting motion to dismiss complaint and finding that the buyer of a sports car had no standing to bring a claim under the Lanham Act against the seller because the Lanham Act covers potential injuries in commerce and not one-to-one consumer transactions involving contracts for sale of goods).

II.     Under *Avery*, The Non-Illinois Plaintiff Has "No Cognizable Cause Of Action" Under The Illinois Consumer Fraud Act.

The Illinois Supreme Court recently made clear that the Illinois Consumer Fraud Act "does not have extra-territorial effect," and thus does not apply "to fraudulent transactions

5

which take place outside Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005), *cert denied*, 126 S.Ct 1470 (2006); *accord Gridley v. State Farm Mut. Auto. Ins. Co.*, 840 N.E.2d 269, 274 (2005) ("This court . . . recently held that the Illinois Consumer Fraud Act does not apply to fraudulent transactions which take place outside the State of Illinois."). In *Avery*, the Supreme Court held that a private plaintiff can only pursue a claim under the Illinois Consumer Fraud Act "if the circumstances that relate to the disputed transaction occur ***primarily and substantially in Illinois***." *Avery*, 835 N.E.2d at 854.

The Illinois Supreme Court in *Avery* pointed to the following facts in concluding that a Louisiana plaintiff had "no cognizable cause of action under the [Illinois] Consumer Fraud Act":

(1)     plaintiff resided in Louisiana, not Illinois;
(2)     the alleged deception/misrepresentation took place in Louisiana;
(3)     the damage to plaintiff occurred in Louisiana; and
(4)     the plaintiff never met or spoke with an employee of the defendant who worked in Illinois.

835 N.E.2d at 854. And, the court found that the only link between plaintiff and Illinois — the claimed deceptive scheme was alleged to have "disseminated" from defendant's Illinois headquarters — was "insufficient" to create a cause of action under the Illinois Consumer Fraud Act. *Id.* at 855.

Similarly, in this case, even when Plaintiff's allegations are taken as true, the alleged fraudulent transaction did not occur in Illinois, much less "primarily and substantially" so. Plaintiff is a resident of, and purchased the Equal® Sugar Lite™ at issue in, New York — not Illinois. (Compl. ¶ 8.) Plaintiff's complaint makes no allegation that the misrepresentation at issue occurred in Illinois or that he ever met or spoke with a Merisant employee located in Illinois. Plaintiff does not allege that any damage occurred in Illinois. Indeed, Plaintiff does not

even contend to ever have been in the State of Illinois, much less for reasons relating to issues in this suit.

The only link between Plaintiff's alleged Consumer Fraud Act claim and Illinois is the location of Merisant's headquarters in Chicago. (Compl. ¶ 9.) But, the Illinois Supreme Court and others have made clear that the location of a defendant's headquarters in Illinois alone is "insufficient" to create a nexus between an out-of-state plaintiff and the State of Illinois to assert a claim under the Illinois Consumer Fraud Act. *Avery*, 835 N.E.2d at 855; *see, e.g., Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340 & n.10 (N.D. Ill. 1997) (concluding that the Consumer Fraud Act "does not apply to the claims of the non-Illinois plaintiffs" where the only connection with Illinois is the allegation that a scheme "emanated" from the defendant's Illinois headquarters); *Shaw v. Hyatt Int'l Corp.*, 2005 WL 3088438, at *2 (N.D. Ill. Nov. 15, 2005) (dismissing Consumer Fraud Act claim "where the only connection with Illinois is the headquarters of the defendant"). Thus, Plaintiff has failed to allege a sufficient nexus between Illinois and the harm alleged to state a claim under the Illinois Consumer Fraud Act, and this Court should accordingly dismiss Count I.

### III. Plaintiff Did Not and Cannot Plead That He Provided Notice To Merisant, Thus His Breach of Express Warranty Claim Must Be Dismissed.

The "failure to allege sufficient notice is fatal to plaintiff's breach of warranty claim[]." *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). Illinois law requires that a "buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." 810 ILCS § 5/2-607(3)(a). More specifically, "buyers . . . must directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Connick*, 675 N.E.2d at 589.

7

Plaintiff has failed to allege that he notified Merisant of any alleged breach of warranty with respect to Equal® Sugar Lite™ that he purchased. (Compl. ¶¶ 62–66.) Instead, Plaintiff merely alleges that "Merisant knew or in the exercise of reasonable diligence should have known that Equal Sugar Lite®" did not satisfy the product claims "expressly warranted on the package/label." (*Id.* ¶ 64.) However, Merisant's "generalized knowledge" of alleged problems with ESL is insufficient to satisfy Plaintiff's notice requirement:

> even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied *only* where the manufacturer is somehow *apprised* of the trouble with the *particular product* purchased by a *particular buyer*.

*Connick*, 675 N.E.2d at 590. "The reason for the notice requirement is simple: the UCC prefers that the breach be cured without the lawsuit, and requiring customers to first contact the manufacturer before filing suit allows the manufacturer to address the breach." *Anthony v. County Life Mfg., LLC*, 2002 WL 31269621, at *4 (N.D. Ill. Oct. 9, 2002), *aff'd*, 70 Fed. Appx. 379 (7th Cir. 2003). Plaintiff's failure to plead notice is fatal to his breach of warranty claim, and Count IV of his complaint should be dismissed.

**IV. Without a Valid Underlying Claim, Plaintiff's Unjust Enrichment Count Also Fails.**

Plaintiff's bare unjust enrichment theory also fails to provide a basis on which relief may be granted. "A claim for unjust enrichment is *not an independent cause of action* but instead is a remedy for some other substantive wrongdoing." *Bd. of Trustees v. Liberty Group*, 708 F. Supp. 1504, 1507 (N.D. Ill. 1989) (quotation omitted). "The term 'unjust enrichment' is not descriptive of conduct that, *standing alone*, will justify an action for recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Charles Hester Enters., Inc. v. Illinois Founders Ins. Co.*, 484 N.E.2d 349,

8

354 (Ill. App. Ct. 1985), *aff'd*, 499 N.E.2d 1319 (Ill. 1986). Accordingly, because Plaintiff has failed to state a cause of action against Merisant for fraud (or breach of warranty), his unjust enrichment claim may not stand alone, and must be dismissed as well. *In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, No. MDL-1703, 2005 WL 3077606. at *2 (N.D. Ill. Nov. 14, 2005) ("Claims for unjust enrichment, an injunction, and a declaratory judgment . . . depend[] on the viability of an underlying claim of injury, and without standing to assert a cause of action under the Illinois statutes, these counts fail as well."); *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 877 (Ill. App. Ct. 2003) ("for a cause of action for unjust enrichment to exist, there must be some independent basis which establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty").

## CONCLUSION

For the foregoing reasons, Merisant respectfully requests this Court grant Merisant's Motion to dismiss Plaintiff's class action complaint in its entirety.

Dated: April 17, 2006

Respectfully submitted,

*Of Counsel*
Gregg F. LoCascio
Justin P.D. Wilcox
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
(202) 879-5000
(202) 879-5200 (F)

/s/ Thomas M. Monagan, III
Thomas M. Monagan, III, Bar No. 6278060
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago IL 60601
(312) 861-2000
(312) 861-2200 (F)

*Counsel for Merisant Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2006, a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT MERISANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT, was served upon the following in the manner indicated below:

**Via ECF**
Patrick V. Dahlstrom
Leigh Handelman Smollar
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
One North LaSalle Street, Suite 2225
Chicago, IL 60602

**Via Federal Express**
Marc I. Gross
Shaheen Rushd
POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY 10017

**Via Federal Express**
Eduard Korsinsky
Joseph Levi
ZIMMERMAN, LEVI & KORSINSKY
39 Broadway, Suite 1601
New York, NY 10006

/s/ Thomas M. Monagan, III
Thomas M. Monagan, III, Bar No. 6278060
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago IL 60601
(312) 861-2000
(312) 861-2200 (F)

*Counsel for Merisant Company*